Houston & Texas Central Railroad Company v. State of Texas.

No. 1768. Decided February 12, 1908.

**1.—Railways—Condition of Water Closets—Statute—Constitutional Law**

A railway company is subject to the penalty imposed by the Act of April 17, 1905, for its failure to keep an already existing water closet at its passenger depot in proper sanitary condition and properly lighted. (P. 335.)

**2.—Same—Case Limited.**

The ruling in Missouri K. & T. Ry. Co. v. State, 100 Texas, 420 is limited to declaring unconstitutional so much only of the Act of April 17, 1905, as required railways to provide water closets at passenger depots where none existed, because a reasonable time for doing the work was not allowed. (Pp. 334, 335.)

., Question certified from the Court of Civil Appeals for the Third District, in an appeal from Lee County.

The State recovered penalties against the railway company for violation of the Act of April 17, 1905, in failing to keep the water closet at its passenger station in proper sanitary condition and properly lighted. On appeal by defendant the judgment was reversed and the case remanded for error in the charge, but the constitutionality of the Act as applied to the penalties here sued for was sustained, and, on motion for rehearing by both parties, the question as to the correctness of this ruling was certified to the Supreme Court.

*Baker, Botts, Parker & Garwood, Wm. O. Bowers* and *John C. Box,* for appellant.

*Emil Simmang,* County Attorney, *R. W. Harris,* and *Rector & Watson,* for appellee.

Mr. Chief Justice Gaines delivered the opinion of the court.
This is a certified question. The State sued the Houston & Texas Central Railroad Company to recover penalties denounced by the Act of April 17, 1905, which requires of railroad companies that water-closets be erected and maintained at their passenger depots and be kept lighted at night and in a cleanly condition.

Upon the trial of the case there was evidence tending to show that at the time the statute went into effect the defendant company had a water-closet at its depot in the town of Giddings; but that it thereafter failed to keep it clean and in proper sanitary condition and that it failed to keep it lighted. There was a verdict and judgment for the State.

The questions certified are: "1. Did we in our opinion correctly construe the opinion of the Supreme Court in the case mentioned. (The Missouri, K. & T. Ry. Co. v. The State, 17 Texas Ct. Rep., 936.) In other words, did we correctly limit that opinion as a holding merely to the effect that the statute construed was unconstitutional or inoperative in so much of it as required the railway companies to construct water closets?

"2. For fear that we may not have the authority to ask the Supreme Court to construe one of its opinions, we pointedly ask the question whether, for the reasons stated in the opinion referred to by the Supreme Court, the entire act is unconstitutional. In other words, can it be enforced on the ground of the failure of the Railway Company to keep an already existing closet in a proper sanitary condition and properly lighted."

In the case of the Missouri, Kansas & Texas Ry. Co. v. The State of Texas, 100 Texas, 420 (17 Texas Ct. Rep., 936), we held, that by reason of the fact that the act did not prescribe a time in which the water closets should be constructed and did not allow a reasonable time for doing the work, so much of the act as denounced a penalty for a failure to provide such structures was inoperative

and void. The decision was clearly limited to this question and that was all that was decided. The reason for that holding was that it would require some considerable time to · construct the water closets and since a reasonable time was not allowed for doing the work the act was invalid. This reason does not apply where the railroad already has closets in existence and the question is as to the failure to keep them clean or to light them. No ᐧreason is seen why a water closet could not be made clean and lighted at once. It follows that we are of the opinion that the entire act is not unconstitutional and that it can be enforced for a failure to keep an existing closet in a proper sanitary condition and properly lighted.